IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| GREGORY SEAN HENRY, ) | |
| ) | |
| Petitioner, ) | |
| ) | 1:21CV445 |
| v. ) | 1:98CR52-1 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner Gregory Sean Henry, a federal prisoner, brings a Petition [1:21CV445, Doc. #1] for a Writ of Error Coram Nobis under 28 U.S.C. § 1651(a). Petitioner pled guilty in this Court to one count of conspiracy to distribute cocaine base in violation of 18 U.S.C. §§ 846 and 841 in case 1:98CR52-1. Petitioner received a sentence of 408 months imprisonment to be followed by five years of supervised release. Petitioner subsequently received a sentence reduction under the First Step Act which lowered his term of imprisonment to 204 months and resulted in his release from prison in 2020. However, Petitioner reports that immigration officials immediately took him into custody for removal from the United States due to his conviction in this case. Petitioner now seeks to have this Court vacate his conviction based on the decision of the United States Supreme Court in Padilla v. Kentucky, 559 U.S. 356 (2010), because his attorney allegedly failed to advise him that his guilty plea could lead to his

deportation. The Government filed a Motion to Dismiss [1:21CV445, Doc. #5] opposing relief.

Relief under § 1651 is available where "'(1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character.'" United States v. Akinsade, 686 F.3d 248, 252 (4th Cir. 2012) (quoting Hirabayashi v. United States, 828 F.2d 591, 604 (9th Cir. 1987)). Here, the Court notes that Petitioner's sentence included a five-year term of supervised release and that he was released less than three years ago, which means that he is still "in custody" for the purposes of seeking collateral relief. United States v. Pregent, 190 F. 3d 279, 283 (4th Cir. 1999). Petitioner would need to make any filing under 28 U.S.C. § 2255, rather than § 1651 which is available only to persons no longer in custody for their convictions who accordingly cannot seek relief under § 2255. In re Ifenatuora, 528 F. App'x 333, 335 (4th Cir. 2013).[1] Furthermore, as noted by Respondent, Petitioner's claim fails in any event because Padilla does not apply retroactively to persons seeking collateral relief, whether through § 2255 or § 1651. Id. at 335-36; Chaidez v. United States, 568 U.S. 342, 353, 358 (2013) ("It was Padilla that first . . . made the Strickland test operative when a criminal lawyer gives (or fails to give) advice about immigration consequences" and "defendants whose convictions became final

---

[1] Petitioner previously asserted this claim in a motion under 28 U.S.C. § 2255 (1:20CV621), but that motion was dismissed because he had previously filed an earlier motion under § 2255 (1:01CV797) and had failed to obtain authorization from the Fourth Circuit to bring a second or successive motion. As noted in that dismissal, he would need to obtain authorization from the Fourth Circuit for a second or successive motion, and then file his motion under § 2255.

2

prior to Padilla therefore cannot benefit from its holding.")[2] Petitioner's claim should be denied and his Petition should be dismissed.

IT IS THEREFORE RECOMMENDED that the Government's Motion to Dismiss [1:21CV445, Doc. #5] be granted, that the Petition [1:21CV445, Doc. #1] be dismissed, and that, there being no substantial issue for appeal concerning the denial of a constitutional right affecting the conviction nor a debatable procedural ruling, a certificate of appealability not issue.

This, the 14th day of July, 2022.

    /s/ Joi Elizabeth Peake
United States Magistrate Judge

---

[2] Moreover, even if the claim could be considered, Petitioner cannot show prejudice given that Petitioner had a prior drug conviction, a December 8, 1994 conviction in North Carolina for sale of cocaine with a 3-year sentence, for which he was subject to deportation in any event, as reflected in the Presentence Report in 1:98CR52 (Presentence Report ¶ 29, ¶ 49). In addition, the Court also notes that the Presentence Report included notice that Petitioner was deportable as a result of that December 1994 state conviction and the conviction on the instant offense (Presentence Report ¶ 49), and Petitioner did not raise any dispute on that issue at the time or in the over 20 years he was incarcerated.